IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.: 7:12-Cv-303

| | |
|---|---|
| DG BEACH WAVES, INC., <br><br> Plaintiff <br><br> v. <br><br> HENRY SHITRIT; OCEAN YAM, LLC; and WAVES SURF AND SPORT INC., <br><br> Defendants. | **CONSENT JUDGMENT** |

This case is before the Court upon the parties' agreement as to the appropriate disposition thereof.

1. Defendants agree and represent to the Court that:

    a. They do not contest the jurisdiction or venue of this Court.

    b. The Complaint sets out allegations that if proven at trial would be sufficient to support entry of judgment against Defendants as requested in the Prayer for Relief.

    c. They understand the allegations that have been made, the option of proceeding to trial, and the consequences of their decision to enter into this Consent Judgment.

2. Plaintiff through its undersigned vice-president declares by his signature of agreement below, and under penalty of perjury, that the allegations of the Complaint are true to the best of his knowledge, information and belief.

3. Defendants, in order to resolve this matter expeditiously, agree that:

    a. They do not contest the allegations of trademark infringement set forth in the Complaint.

b. They consent to entry of judgment against them on the grounds alleged in the Complaint.

c. They agree to entry of judgment enjoining Defendants, their agents, employees and all persons in active concert or privity with them from:

   i. Using the mark XTREME SURF SHOP or any mark confusingly similar thereto, including but not limited to XTREME SURF & SPORTS, on or in connection with retail store services, online store services, consumer goods including consumer sporting goods, beach supplies, and apparel, or for other purposes (provided however that this injunction shall not prohibit use of the phrase SURF & SPORTS in combination with words other than EXTREME and variants thereof; and this injunction shall not prohibit use of the word SURF or the word SHOP in combination with words other than EXTREME and variants thereof);

   ii. Using a logo or mark containing an image of the letter X, whether formed by crossed surfboards or otherwise, on or in connection with retail store services, online store services, consumer goods including consumer sporting goods, beach supplies, and apparel, or for other purposes;

   iii. Using the word XTREME or the word EXTREME, or any letter combination or combination of symbols and letters that is confusingly similar to either of those words, whether separately or in combination with other words, as all or part of a mark used on or in connection with retail store services, online store services, consumer goods including consumer sporting goods, beach supplies, and apparel, or for other purposes;

d. They agree to entry of judgment requiring them to immediately:

  i. Remove all signs bearing or showing any of the marks whose use is enjoined hereinabove;

  ii. Instruct all advertisers to cease publishing any advertisement or article bearing or showing any of the marks whose use is enjoined hereinabove;

  iii. Permanently eradicate all of the marks whose use is enjoined hereinabove from all documents and things in the possession or control of Defendants (including but not limited to advertising, business cards, literature, or other forms of promotional literature, as well as stock in trade) and, if the marks cannot be permanently eradicated from any documents and things, to destroy the documents and things.

4. The parties agree that in view of the expeditious resolution of this matter, Defendants shall not be required to make further payment to Plaintiff on account of the infringements alleged in the Complaint so long as Defendants do not violate the terms of this consent judgment, and the parties shall bear their own costs.

NOW THEREFORE, having considered the Complaint filed herein and the agreements of the parties set out hereinabove, the Court finds and concludes as follows:

1. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper in this Court.

2. The allegations of the Complaint are well-pleaded, are not contested by Defendants, and are supported by the declaration of Plaintiff's president; and the Court finds the facts to be as alleged therein.

3. The Court concludes as a matter of law that Defendants have infringed Plaintiff's trademarks and have engaged in unfair competition with Plaintiff as set out in the Complaint.

IT IS, THEREFORE:

A. ORDERED that Defendants, their agents, employees and all persons in active concert or privity with them shall be and are herewith enjoined from using the mark XTREME SURF SHOP or any mark confusingly similar thereto, including but not limited to XTREME SURF & SPORTS, on or in connection with retail store services, online store services, consumer goods including consumer sporting goods, beach supplies, and apparel, or for other purposes. The Order of his Paragraph A does not prohibit use of the phrase SURF & SPORTS in combination with words other than EXTREME and/or variants of EXTREME; and the Order of this Paragraph A does not prohibit use of the word SURF or the word SHOP in combination with words other than EXTREME and/or variants of EXTREME.

B. ORDERED that Defendants, their agents, employees and all persons in active concert or privity with them shall be and are herewith enjoined from using a logo or mark containing an image of the letter X, whether formed by crossed surfboards or otherwise, on or in connection with retail store services, online store services, consumer goods including consumer sporting goods, beach supplies, and apparel, or for other purposes.

C. ORDERED that Defendants, their agents, employees and all persons in active concert or privity with them shall be and are herewith enjoined from using the word XTREME or the word EXTREME, , or any letter combination or combination of symbols and letters that is confusingly similar to either of those words, whether separately or in combination with other words, as all or part of a mark used on or in connection with retail store

services, online store services, consumer goods including consumer sporting goods, beach supplies, and apparel, or for other purposes.

D. ORDERED that Defendants shall immediately remove all signs bearing or showing any of the marks whose use is enjoined hereinabove.

E. ORDERED that Defendants shall immediately instruct all advertisers to cease publishing any advertisement or article bearing or showing any of the marks whose use is enjoined hereinabove.

F. ORDERED that Defendants shall immediately and permanently eradicate all of the marks whose use is enjoined hereinabove from all documents and things in the possession or control of Defendants (including but not limited to advertising, business cards, literature, or other forms of promotional literature, as well as stock in trade); and, if the marks cannot be permanently eradicated from any of the documents and things, Defendants shall immediately destroy those documents and things.

G. ORDERED that each party shall bear its own costs.

This _16_ day of _Jan_, 2013.

_Terrence W. Boyle_
United States District Judge

**WE AGREE:**

| PLAINTIFF: | DEFENDANTS: |
|---|---|
| DG BEACH WAVES, INC. | HENRY SHITRIT |
| By: _____ | _____ |
| Oshri Gal | Henry Shitrit |
| Title: Vice-President | [Defendants' Signatures Are |
| Date: 12-30-12 | Continued on Next Page] |

[Defendants' Signatures Continue from Preceding Page]

OCEAN YAM, LLC
By: _____/s/ Henry S_____
    Henry Shitrit
Title: Member Manager
Date: _____

WAVES SURF AND SPORT INC.
By: _____/s/ Henry S_____
    Henry Shitrit
Title: President
Date: _____